

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50074 | **DATE** | 3/22/2002 |
| **CASE TITLE** | Smith vs. Lamz, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion for summary judgment is granted. This case is dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| No notices required, advised in open court. | | |
|---|---|---|
| No notices required. | number of notices | Document Number |
| ✗ Notices mailed by judge's staff. | MAR 22 2002 | 23 |
| Notified counsel by telephone. | date docketed | |
| Docketing to mail notices. | | |
| ✗ Mail AO 450 form. | docketing deputy initials | |
| ✗ Copy to judge/magistrate judge. ✓ | 3-22-02 | |
| /LC  courtroom deputy's initials | 02 MAR 22 AM 11:35 FILED-WD  date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials |

(Reserved for use by the Court)
# MEMORANDUM OPINION AND ORDER

Plaintiff, Michael B. Smith, has filed a three-count complaint against defendants, Douglas Lamz, a detective for the Algonquin Police Department, and the Village of Algonquin ("Village"). He alleges claims for malicious prosecution against both defendants under 42 U.S.C. § 1983 (Counts I and II, respectively) and under Illinois common law (Count III). Jurisdiction and venue are proper based on 28 U.S.C. §§ 1331, 1367, 1391. Before the court is defendants' motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56.

At the outset, a word about the facts and evidence before the court in this case. Because Smith has decided not to respond to defendants' Local Rule ("LR") 56.1(a) statement of facts,[1] all facts contained in that statement, which are supported by citations to the record, are deemed admitted for purposes of defendants' motion. See N.D. Ill. R. 56.1(b)(3)(B); Brasic v. Heinemann's Inc., 121 F.3d 281, 284 (7th Cir. 1997). Furthermore, although Smith has submitted various deposition transcripts and other documentary evidence in his response, he has failed to file an appropriate LR 56.1(b) statement of additional facts. True, he has filed what he calls a "Statement of Material Facts," but this does nothing more than list the different exhibits he is offering. Because Smith has not filed a statement of additional facts in compliance with LR 56.1(b), the court has not considered any of Smith's supporting materials or evidence, and has likewise ignored any references to such evidence in Smith's response brief. See Bordelon v. Chicago Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000).

On January 23, 1998, Lamz arrested Smith without a warrant for impersonating a police officer and attempted theft by deception. In his complaint, Smith essentially claims Lamz maliciously prosecuted him by arresting him without probable cause and then giving false testimony before a grand jury, which later indicted Smith on the charge of impersonating an officer. Although the Seventh Circuit has closed the door on malicious prosecution claims under § 1983, see Newsome v. McCabe, 256 F.3d 747, 750-51 (7th Cir. 2001), Smith is correct to point out this means only that his § 1983 malicious prosecution claims should be analyzed under the relevant constitutional amendment, such as the Fourth or Fourteenth Amendments. See id. at 751-53; Molina v. Cooper, No. 00 CV 50230, slip op. at 6 (N.D. Ill. Mar. 18, 2002) (Reinhard, J.). Even so, given that the court has only the defendants' version of events to go on, Smith's claims have no chance of success on the merits.

On the morning of January 23, 1998, Lamz received a call from Karen Jurasek, an employee of the Algonquin Dental Associates. Jurasek explained she had received a telephone call from a man who said he was "from the Algonquin Police Department" ("APD") and was selling advertising space in a soon to be published magazine. Jurasek initially agreed to make a $150 donation but later called up the APD to cancel it. When she did so, Lamz told her the APD does not solicit money from residents or businesses, and that no police officers should be collecting money in the APD's name. The man was, of course, Smith, who showed up later that day to pick up the check. As Lamz had ordered her to do, Jurasek stalled Smith and called the police. Soon after, Lamz arrived on the scene and questioned Smith, Jurasek, and Victoria Carlson, another employee of the dental office. Both Jurasek and Carlson told Lamz that Smith appeared at the front window and stated he was "from the Algonquin Police Department." As it turned out, Smith was actually employed by a company called Triad Promotions, Inc., which had been hired to solicit funds on behalf of a police union. Smith explained this to Lamz, insisted Jurasek and Carlson must have misunderstood him, and denied identifying himself as an Algonquin police officer. But when Lamz asked the two women whether Smith had mentioned the police union, they said he did not and reiterated they were "absolutely certain" he said he was "from the Algonquin Police Department." Jurasek and Carlson both gave contemporaneous written statements to the same effect. Lamz then spoke with McHenry County Assistant State's Attorney Mary Lennon, who approved charging Smith with false personation of a peace officer and attempted theft by deception. In light of all these facts as they were known to Lamz at the time, the court finds Lamz is entitled to qualified immunity because he had, at a minimum, "arguable probable cause" to believe Smith had impersonated a police officer and thereby tried to obtain the $150 check by deception. See Williams v. Jaglowski, 269 F.3d 778, 781 (7th Cir. 2001); Jenkins v. Keating, 147 F.3d 577, 585 (7th Cir. 1998) (officer has probable cause, and is therefore entitled to qualified immunity, for arresting alleged culprit so long as reasonably credible witness or victim informs the police that the suspect has committed a crime, even if the arrestee is later found innocent). That takes care of Smith's Fourth Amendment false arrest claim. As for his false testimony allegations, which arguably could fall under either the Fourth or Fourteenth Amendment, see Molina, slip op. at 18-19, Smith's failure to comply with LR 56.1(b) leaves the court without any factual basis to determine if Lamz' grand jury testimony was indeed false, let alone material.

The rest of Smith's claims deserve little attention. Smith alleges in Count II the Village is liable under Monell v. Department of Social Services, 436 U.S. 658 (1978), and its progeny because it had a policy of unlawfully prosecuting police union solicitors. Once again, though, there is absolutely no evidence properly before the court to support such a claim. Finally, the court's finding that Lamz had probable cause to arrest Smith similarly disposes of Smith's state law malicious prosecution claim. See Logan v. Caterpillar, Inc., 246 F.3d 912, 921-22 (7th Cir. 2001) (absence of probable cause is necessary element to malicious prosecution claim under Illinois law). In addition, Smith has failed to carry his burden of showing that the nolle prosequi dismissal of the false impersonation charge against him was entered for reasons consistent with his innocence. See id. at 925 (citing Swick v. Liautaud, 662 N.E.2d 1238, 1243 (Ill. 1996)).

For the reasons stated above, defendants' motion for summary judgment is granted. This case is dismissed in its entirety.

---

[1] Indeed, Smith declares that, "[r]ather than respond on a paragraph-by-paragraph basis to the Defendants' characterization of the facts in this cause, the Plaintiff states that the Defendants have attempted to seriously mislead this Court, with this Motion, and the '56.1 Statement of Material Facts' filed with the Motion." (Pl. Resp. to Mot. for Summ. J. ¶ 3) But a "paragraph-by-paragraph" response to defendants' statement of facts is exactly what LR 56.1 demands and Smith's bare, conclusory assertion that the facts in that statement are "misleading" is effectively meaningless.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Michael B. Smith            **JUDGMENT IN A CIVIL CASE**

v.            Case Number: 00 C 50074

Douglas Lamz, et al.

☐    Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■    Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendants' motion for summary judgment is granted. This case is dismissed in its entirety.

All orders in this are now final and appealable.

FILED-WD
02 MAR 22 AM 11:35
CLERK
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 3/22/2002

Susan M. Wessman, Deputy Clerk